DOUGLAS and another *against* VALENTINE.

THIS was an action of trespass *quare clausum fregit*, for breaking and entering the close of the plaintiffs, the 18th day of *May*, 1809, and the grass there growing treading down, depasturing, ploughing and consuming, and also for beating, bruising and injuring the plaintiffs' cattle, and driving and turning them out of the same close, on the 20th *May* aforesaid. The suit was originally commenced in a justice's court, in the county of *Delaware*, and the defendant, in pursuance of the statute, interposed a plea of title, for lot No. 2. in the patent of *Kortright*, being the *locus in quo*, upon which a suit was commenced in the *Delaware* court of common pleas, and after issue was joined upon such plea, the same was removed to this court, by consent of parties, without prejudice, or changing the rights of the parties, as they stood in the court below.

The cause was tried at the *Delaware* circuit, in *June*, 1810, before Mr. Justice *Thompson*.

The defendant, under his plea of title, proved that he was and had been in possession of the premises for upwards of six years. The plaintiffs had never been in possession further than having the key of the house occu-

*In an action of trespass quare clausum fregit, brought before a justice's court, the defendant interposed a plea of title, and the same was removed into the court of common pleas, and from thence into this court; and it was held, that under the 7th section of the act, 31st sess. c. 204. the defendant, at the trial, might show a title in himself, or a title in a third person, or a possession out of the plaintiff; and where the defendant in such action proved, that he was and had been in possession of the locus in quo for more than six years; and the plaintiff never had been in possession; this was held sufficient evidence to entitle the defendant to a verdict.*

pied by a tenant of the defendant, who, on leaving the premises, in *March*, 1809, delivered the key to the plaintiffs.

The defendant also gave in evidence a *lease, for ever,* from *John Kortright*, who was admitted to be the owner of the premises, to *Alexander Sealy*, for the premises in question, and an assignment from *Sealy* to the defendant.

The plaintiffs then gave in evidence an assignment from the defendant to *Lotty Valentine*, dated the 29th *November*, 1809, by which, in consideration of one thousand dollars, the defendant assigned over to her all his right and title to the premises ; on condition, that if the said *L. V.* should pay a certain note given by her to the defendant for 1,000 dollars, payable on the 1st *November*, 1807, then the assignment was to be valid, otherwise to be void. The plaintiffs produced an assignment endorsed on the same instrument by *Charles McMullen*, and *Lotty* his wife, formerly *Lotty Valentine*, to the plaintiffs, dated 14th *January*, 1809. But this assignment being objected to, the judge decided it to be insufficient, unless the plaintiffs showed that the condition of the original assignment had been performed.

The plaintiffs then produced the original note of *Lotty Valentine*, referred to in the condition of the defendant's assignment, with the name torn from it ; and proved that she resided in the family of the defendant, on the premises, until her marriage with *McMullen*.

This evidence was objected to as insufficient, but the judge decided that it was sufficient, *prima facie*, to show a performance of the condition. The defendant objected that his possession was adverse to *McMullen*, and that the assignment from *McMullen* and wife to the plaintiffs was, therefore, inoperative ; but the judge overruled the objection. The defendant then proved that the plaintiffs were his neighbours; and the witnesses believed that they knew of the condition of the assignment, when they took the assignment from *McMullen* and wife.

*McMullen* had never been in possession of the premises, but had brought an action of ejectment against *Valentine*, to recover the possession, which has been pending about two years; but the judge considered this evidence as insufficient to bring home to the plaintiffs a knowledge of the condition of the original assignment.

The defendant then offered to prove that no part of the note for 1,000 dollars had ever been paid; that on the 3d *March*, 1808, the defendant and *McMullen* agreed that the latter should take up the note for 1,000 dollars, and give his own note to the plaintiffs for 800 dollars, payable the 1st *May*, 1809, which was then supposed to be the value of the premises; and that the condition of the assignment should be extended to the 800 dollars, instead of the note for 1,000 dollars; that the latter note was accordingly given up, and *McMullen* gave his own note for 800 dollars, which the defendant offered to produce, and show to be wholly unpaid; but there being no proof that the plaintiffs knew these facts, at the time of the assignment to them, the judge rejected the evidence offered, and directed the jury to find a verdict for the plaintiffs for six cents damages, and the jury found a verdict accordingly.

A motion was made to set aside the verdict, and for a new trial, for the misdirection of the judge.

*Sherwood* and *Sudam*, for the defendant. The plaintiffs were bound to show a possession in themselves, at the time of bringing the action; but the defendant has shown a possession in another. It may, perhaps, be objected, that the defendant cannot set up a possession out of the plaintiffs;[*] but the words of the act are clear and explicit; " Provided, nevertheless, that it shall be competent to such defendant, notwithstanding the said plea of title, to show on the trial of any such cause, before any court of common pleas, that the plaintiff had not possession of, or title to, the premises, at the time such

[* 2 *Caines* *Rep.* 28.]

NEW-YORK,
Nov. 1810.

DOUGLAS
v.
VALENTINE.

* 31st sess. c.
204. s. 7.
† 2 Caines'
Rep. 28.

‡ Co. Litt. 216.
b. 2 Bl. Comm.
157. Co. Litt.
218. b. Cruise's
Dig. tit. 13. c.
2. s. 24.

§ 1 Johns. Cas.
126.

supposed trespass was committed.* The case of *Strong* v. *Smith*,† turned on a point of pleading, and not on the construction of the statute, which must be conclusive.

The assignment from the defendant to his daughter was conditional; and whether the condition was precedent or subsequent, it has failed. If it was a precedent condition, no performance was shown; if a subsequent condition, a performance within the time was not proved; so that the estate is at an end.‡ As the defendant continued in possession, no entry or claim was necessary to defeat the estate. The party was bound to perform the condition literally. No subsequent parol assent or silent acquiescence, can destroy the effect of an express condition in a deed.§

Again, as the possession of the defendant was *adverse,* the conveyance by *McMullen* and wife to the plaintiffs was inoperative and void.

*E. Williams,* contra. By pleading title the defendant admits the trespass. It was on this ground that the cause was removed to the court of common pleas. If the trespass is admitted, the possession of the plaintiffs is admitted; and the only question is whether the defendant has a title. The fact of possession is not in issue. This point was expressly decided in *Strong* v. *Smith.* But the plaintiffs did show a possession. They proved that the tenant, when he left the premises, delivered the key of the house to them.

Again, the conveyance from the defendant was operative. The condition has been performed. The payment of the note was proved by producing it in court cancelled. The only person who could take advantage of a breach of the condition has accepted the payment of the note, and surrendered it to be cancelled. The estate then became absolute in the grantee; and there could be no adverse possession in the defendant.

NEW-YORK,
Nov. 1810.

DOUGLAS
v.
VALENTINE.

*Per Curiam.* As this cause came from a justice's court, it was subject to the regulations contained in the act relative to justices' courts. (Laws, 31st sess. c. 204. s. 7.) That act provides, "that it shall be competent to the defendant, notwithstanding his plea of title, to show on the trial, &c. that the plaintiff had not *possession of*, or *title to*, the premises, at the time such supposed trespass was committed." The defendant then might have shown three things, either of which would have entitled him to a verdict; viz. title in himself, title in a third person, or possession out of the plaintiffs. The case of *Strong* v. *Smith*, (2 *Caines' Rep.* 28.) never was intended to lay down any proposition contrary to this, nor does it appear to. The decision in that case was, that the plea of the general issue should be struck out, because the fact of the entry upon the close in question, and of treading down the grass, or taking and carrying away the timber, &c. was admitted by the plea interposed before the justice and brought into the court above. It is there said, that the defendant may show title in himself or a stranger. The case does not happen to say that he may also contravene the possession of the plaintiff, nor does it deny it. The substance of that decision was, that the plaintiff was not to be called upon to prove the trespass or actual commission of the fact; and that the plea of title was *prima facie* evidence of possession, and sufficient to throw it upon the defendant to prove the contrary.

In this case the defendant proved that he was in possession of the premises, and had been so for upwards of six years, and that the plaintiffs never had any possession, except that a tenant of the defendant delivered them a key of the house in *March*, 1809. This act of the tenant did not, and could not, in the least, prejudice the possession of the defendant; and indeed, every attornment of a tenant to a stranger is void. This proof was declared upon the trial not to be sufficient for the de-

fence. But as it appears to be a right allowed to every such defendant, by the act, to show that the plaintiff had not possession, the defendant showed enough to entitle him to a verdict. Though the parties afterwards went into testimony on the question of title, there was nothing shown to contradict, but the evidence went to confirm the fact, that the plaintiffs never had possession, for they purchased of one *McMullen*, who had never been in possession, but had brought an ejectment against the defendant, and which had been then pending about two years.

On this ground, then, and without reference to the title, the verdict ought to be set aside, and a new trial awarded, with costs to abide the event.

New trial granted.