ABRAHAM G. THOMPSON, Administrator, &c., Respondent.

*v.*

JOHN BENNETT, Appellant.

This action was for trespass upon land. The law seems to have been changed by the Revised Statutes and by the Code since the decision in *Douglas* v. *Valentine*, 7 T. R., 273, 277; 1 R. S., 390, § 7; 2 R. S., 237; Code, 5, 55. The defendant's plea, *prima facie* at least, admitted possession of the premises in controversy in the plaintiff. , Defendant also admitted the cutting constituting the trespass, but set up a defense of title which he failed to prove:

It is too late now, for the first time, to say that the cutting was not within the premises described in the complaint, it not being clear that it was not within the description contained in the complaint.

Presumptions are always in favor of a judgment. They are against error. No question as to the pleadings was raised by the defendant at the trial. It is to be presumed that the court would have complied with any request properly made as to the pleadings, had his attention been called to it.

### Appeal from General Term.

THIS was an action of trespass upon land, originally commenced in a justice's court and removed on a plea of title.

The trial resulted in a verdict of three ($3) dollars for the plaintiff. The defendant appealed to the General Term, where the judgment was affirmed, and then he appeals to this court. The cause is submitted.

*William Wickham*, for appellant.

*J. Lawrence Smith*, opposed.

PECKHAM, J. On the trial the defendant offered in evidence a power of attorney from one Smith to plaintiff's father, dated in April, 1791, authorizing him to convey a piece of land, bounded by certain woods, to show that the wood claimed by defendant to have run over a part of the land in dispute, was there at the date of that instrument. It was rejected on the ground that it did not appear that defendant's father had ever seen it or that it

had ever been acted upon. I think the ruling entirely right.

The defendant then offered in evidence a deed from Akerly and wife to Ellis Beyrs, dated November 14th, 1825, " conveying the tract of land south of this wood over the hills, now occupied by Ellis Beyrs, and bounding it northerly and westerly by the highway leading to Stony Brook, over the hill."

The deed was rejected as irrelevant. I see nothing in the case to make that deed relevant.

The only remaining questions relate to the charge and to the refusals to charge. The exceptions to the charge that " the surveyor has located the premises described in the complaint," is not urged as ground of error.

It is insisted, however, that the charge, " if these stumps are beyond the center of the road, then the plaintiff is entitled to recover," was erroneous.

The defendant made no claim to any land south or southeast of the center of the alleged wood, certainly he established a title to none.

The defendant admits in his agreement that he cut some on the south of that center, but he insists it was by mistake, and that he had compensated the owner for it, and further, that the plaintiff's complaint does not embrace that location where that wood was cut.

Presumptions are always in favor of a judgment. They are against error. No question as to the pleadings was raised by the defendant at the trial. It is to be presumed that the court would have complied with any request properly made as to the pleadings, had his attention been called to it. If there had been any variance, the court might within certain restrictions have ordered an amendment. It is too late now for the first time to say, that the cutting on the south side of the center of the wood, was not within the premises described in the complaint, besides it is not clear that it was not within the description.

As to the cutting on the south side of that line, the

defendant has set up no defense unless it be title in himself, and he admits he had no title, as he did not set up title or possession in a third person.

Assuming then, that the complaint embraced the premises on the south side, the cutting there was entirely undefended. His pleading admitting the cutting, and setting up the title, but he showed none. It does not affirmatively appear that the court made the charge on the point in question irrespective of the pleading, as it was right under the pleadings. I do not think the court can infer or assume as a basis of error, that the court did not make the charge in reference to the pleadings.

This answers the request to charge on that point.

The last request is also disposed of in the same manner.

The law seems to have been changed by the R. S. and by the Code since the decision in *Douglas* v. *Valentine*, 7 Johns., 273, 277; 1, R. S., 390, § 7; 2, R. S., 237; Code, 5, 55. I think the defendant's plea *prima facie* at least admitted possession of the premises in controversy in the plaintiff, and I do not think the evidence showed possession out of line as to the southerly side of the alleged wood. Nothing is adjudged by this judgment against the defendant, except that he had no title to any part of the land lying southerly or southeasterly of the center of the wood, and his counsel says he never claimed any.

So that the whole matter in issue is the three dollars damages and costs of suit.

Judgment affirmed.